# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | No. 17-04003-01-CR-C-BCW |
| **KRISTOPHER SHAWN MARTIN**, | |
| Defendant. | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Timothy A. Garrison, the United States Attorney for the Western District of Missouri and undersigned counsel, respectfully submits this sentencing memorandum in the above captioned matter, set for a sentencing hearing on February 22, 2018. For the reasons set forth below, the Government recommends that the Court sentence the defendant, Kristopher Shawn Martin, to 60 months' imprisonment and three years' supervised release.

### I.   BACKGROUND

On September 7, 2018, pursuant to a written plea agreement, Martin pled guilty to Count 1 of the Indictment, charging him with being a felon in possession on a firearm. (D.E. 35, ¶ 1.) This Court has not yet accepted the plea of guilty. Martin admitted to the relevant facts of his offense in his written plea agreement. (D.E. 35, ¶¶ 4-8.) As set forth in the factual basis of the plea agreement, Martin admitted that, on October 7, 2016, he possessed a Browning .380 caliber handgun, serial number 08446, and its magazine which contained 10 RIP .380 auto bullets after having several felony convictions from Missouri, Georgia and Indiana. (D.E. 31, ¶ 3.)

The United States Probation Office calculated the Sentencing Guidelines as follows:

| | |
|---|---:|
| **Base Offense Level: § 2K2.1** | **20** |
| **Specific Offense Characteristic: § 2K 2.1(b)(4)(A)** | **+4** |
| **Acceptance of Responsibility** | **-3** |
| **Total Offense Level** | **21** |

With a Criminal History Category of VI, the Probation calculated a Guidelines range of 77 to 96 months. (PSR ¶ 88.)

Martin objected to the Probation Office's application of the 4-level enhancement under § 2K2.1(b)(6)(B) for possessing the firearm in connection to another felony offense (possession of methamphetamine). (D.E. 35, p. 23.) In this case, officers also found three small baggies of methamphetamine on Martin's person, and he admitted that he was an addict. (D.E. 35, ¶ 6.) For purposes of sub-section (b)(6)(B), the firearm or ammunition must have "facilitated, or had the potential of facilitating, another felony offense." § 2K2.1, cmt. n.14(A). The commentary to § 2K2.1 defines "another felony offense" as "any Federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." § 2K2.1, cmt. n.14(C). In *United States v. Holm*, 745 F.3d 938 (8th Cir. 2014), the Court noted that the Eighth Circuit has:

> repeatedly held that "when a drug user chooses to carry illegal drugs out into public with a firearm, an 'in connection with' finding 'will rarely be clearly erroneous.'" *United States v. Sneed*, 742 F.3d 341, 344 (8th Cir. 2014), *quoting United States v. Fuentes Torres*, 529 F.3d 825, 827 (8th Cir. 2008); *see United States v. Swanson*, 610 F.3d 1005, 1008 (8th Cir. 2010); *United States v. Regans*, 125 F.3d 685, 687 (8th Cir. 1997), cert. denied, 523 U.S. 1065, 118 S.Ct. 1398, 140 L.Ed.2d 656 (1998).

In *Holm*, the Eighth Circuit affirmed the district court's finding "by a preponderance of the evidence that your possession of methamphetamine in the same car as your loaded .38 caliber

handgun facilitated or had the potential to facilitate your meth possession, even this relatively small user amount." *Holm*, 745 F.3d at 941.

In *United States v. Swanson*, 610 F.3d 1005 (8th Cir. 2010), the Court stated, "'[W]hen a drug user chooses to carry his illegal drugs out into public with a firearm, there are many ways in which the weapon can facilitate the drug offense and dangerously embolden the offender'." *Id*. at 1008 (quoting *United States v. Smith*, 535 F. 3d 883, 886 (8th Cir. 2008).

However, pursuant to the written plea agreement, the parties jointly recommend a total sentence of 60 months' imprisonment regardless of the Court's ruling on the 4-level enhancement.

## II. DISCUSSION

Even after *United States v. Booker*, 543 U.S. 220 (2005), sentencing begins with a properly calculated advisory Sentencing Guidelines range, including any applicable departures. *See* United States Sentencing Commission, Guidelines Manual, § 1B1.1(a) and (b). The Court then must consider that range, along with all the factors listed in 18 U.S.C. § 3553(a), in arriving at the final sentence. USSG § 1.1B1(c).

The Supreme Court has observed that, "in the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives'." *Kimbrough v. United States*, 552 U.S. 85, 109 (2007) (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)). The Government submits that a sentence of 60 months is sufficient, but not greater than necessary, to meet the goals outlined in 18 U.S.C. § 3553(a), and is justified for the reasons set forth below.

A. *Application of the § 3553(a) Factors*

    1. **The History and Characteristics of the Defendant**

A defendant's history and characteristics are the first of the factors enumerated in 18 U.S.C.

§ 3553(a)(1). Martin, now 35, is a Criminal History Category VI, having five felony convictions: possession of a controlled substance (age 18), escape (age 20), cruelty to animals (age 22), battery (age 27), possession of cocaine (age 31), and possession of a controlled substance (age 33). (D.E. 35, ¶¶ 27-45.)

Martin has an extensive substance abuse problem, having used alcohol, marijuana and methamphetamine in his teens. He continued to use methamphetamine until the day of his arrest. He has never received substance abuse treatment. He left high school in the tenth grade, and has his GED. His last employment was as a mechanic in Florida from December 2014 to April 2016, when he earned $16.50 an hour. (D.E. 35, ¶¶ 69-81.)

Based upon his history and characteristics, the Government believes that a sentence of 60 months' imprisonment as recommended by the parties is sufficient, but not greater than necessary, to achieve the goals under the Guidelines.

2. **The Nature and Circumstances of the Offense**

The nature and circumstances of the offense of conviction, 18 U.S.C. § 3553(a)(1), as well as the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, 18 U.S.C. § 3553(a)(2)(A), and the need to deter other criminal conduct, 18 U.S.C. § 3553(a)(2)(B), all weigh in favor of the 60 month sentence that the parties recommend. Martin's firearm offense is a serious one, which demands a fair sentence that would be well reflected in a sentence of 60 months' imprisonment as recommended by the parties.

3. **The Need to Protect the Public from Future Crimes by the Defendant**

The need to protect the public from the defendant's own future crimes, 18 U.S.C. § 3553(a)(1)(C), weighs most strongly in favor of the 60 month sentence that the parties recommend. The safety of the public demands that the Court impose a sentence of 60 months.

### 4. Balancing of All § 3553(a) Factors

On balance, after weighing the relevant § 3553(a) factors, the Government recommends that the Court impose the agreed upon sentence of 60 months' imprisonment followed by three years' supervised release. The Government believes that this sentence is sufficient, but not greater than necessary, to punish the defendant, deter him from future crimes and protect the public.

### B. *Recommended Sentence for Monetary Penalties*

In light of Defendant's limited financial resources, the Government does not request that the Court impose a fine. However, the $100 Special Assessment is mandatory, and must be paid no later than the day of sentencing.

### III. CONCLUSION

The Government respectfully submits that a sentence of 60 months' imprisonment constitutes a sentence sufficient, but not greater than necessary, to achieve justice.

Respectfully submitted,

**Timothy A. Garrison**
United States Attorney

By    /S/

**Lawrence E. Miller**
Assistant United States Attorney
Missouri Bar No. 35931

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on February 1, 2018, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to current counsel of record.

/S/
**Lawrence E. Miller**
Assistant United States Attorney