IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 17-04003-01-CR-C-BCW |
| ) | |
| KRISTOPHER SHAWN MARTIN, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Comes Now Defendant Kristopher Shawn Martin, by and through his attorney, Steven R. Berry, and in support of his argument for sentencing in this matter, states as follows:

**I. FACTUAL BACKROUND**

On October 7, 2016, Columbia Police detectives stopped a black 1999 Ford F350 on Broadway near Providence for failure to drive in a single lane near that intersection. Mr. Martin was identified as the driver. The officers asked Mr. Martin to step out of the vehicle, and upon searching Mr. Martin they located a metal Altoids container, which contained methamphetamine, and a glass pipe commonly used to smoke methamphetamine in Mr. Martin's jeans pocket. Mr. Martin was then placed in the rear seat of the patrol vehicle. A search of the truck incident to the defendant's arrest revealed a handgun on the rear driver's side floorboard. The firearm was identified as a Browning .380 caliber handgun, serial number 08446, and its magazine contained 10 RIP .380 auto bullets.

Mr. Martin was arrested, and post-Miranda admitted he had shot the firearm approximately one week earlier. Mr. Martin stated that the firearm did not belong to him, but that he had had the firearm at his house before. Mr. Martin is a convicted felon.

Mr. Martin has remained in custody since his arrest, and will have served over one year and four months in custody at the time of his sentencing hearing. Some of this time was served in the Missouri Department of Corrections on a state sentence, and therefore may not be credited towards this sentence when the Bureau of Prisons calculates Mr. Martin's release date.

## II. SENTENCING GUIDELINE CALCULATION

In determining the presumptive Guidelines range the Probation Office established a Base Offense Level of 20, based on Mr. Martin's commission of the instant offense after having been convicted of one prior crime of violence. (PSR, ¶13). The Probation Office also suggests that a four-level enhancement is appropriate under §2K2.1(b)(6)(B), for possession of a firearm in connection with another felony offense. (PSR, ¶14). After subtracting three levels for acceptance of responsibility, the Total Offense Level was determined to be 21. (PSR, ¶22). Factoring in Mr. Martin's criminal history category of VI, the PSR recommends an advisory Guidelines range of 77 to 96 months. (PSR, ¶88).

Mr. Martin filed objections to the draft PSR, with one objection that would impact the Guideline range. Specifically, Mr. Martin objects to the four-level enhancement for possession of a firearm in connection with another felony offense. Mr. Martin was in possession of a user quantity of methamphetamine and drug paraphernalia at the time of his offense. He is guilty of the charged offense as he was found in possession of the firearm

and admitted to handling and firing the firearm a week prior to his arrest and to having the firearm at his house, but Mr. Martin maintains that the firearm did not belong to him and was possessed solely for target practice with the gun's owner. There is insufficient connection between Mr. Martin's possession of the firearm and the separate offense of possession of methamphetamine to apply this enhancement. The firearm was not possessed under circumstances that would suggest that it "facilitated, or had the potential of facilitating, another felony offense." U.S.S.G. §2K2.1, Commentary 14(A). Removing this enhancement would result in a Total Offense Level of 17, and a Guideline range of 51 to 63 months.

The remainder of Mr. Martin's objections to the draft PSR do not impact the Guideline range. Mr. Martin maintains those objections but will not restate them in this memorandum except to the extent that they are relevant to discussion of the relevant sentencing factors under 18 U.S.C. §3553(a). Based on the circumstances of the instant offense and the individual characteristics of Mr. Martin, and in accordance with the non-binding recommendation agreed to by the parties, he asks this Court to impose a sentence of 60 months. He further requests that this sentence be ordered to run concurrently with the previously-imposed state sentence in state case number 16BA-CR01326-01.

### III. CONSIDERATION OF RELEVANT SENTENCING FACTORS PURSUANT TO 18 U.S.C. §3553(a)

**A. Nature and Circumstances of the Offense, 18 U.S.C. Section 3553(a)(1)**

Mr. Martin is charged as a felon in possession of a firearm. At the time of his arrest Mr. Martin was in the possession of methamphetamine, but was not engaged in any other

criminal conduct. There is no suggestion that Mr. Martin was intending to commit any violent offense, nor was the firearm possessed in connection with any drug trafficking enterprise.

The nature and circumstances of the instant offense do not merit a term of incarceration in excess of the term recommended by the government and the defendant. The defendant asks this Court to impose a sentence of 60 months, which is a 17-month downward variance from the Guideline range calculated in the PSR, and within the applicable Guidelines range as calculated by the defendant.

**B. The History and Characteristics of the Defendant, 18 U.S.C. Section 3553(a)(1)**

Mr. Martin's childhood was marred by domestic violence committed by his father against his mother and against the defendant. (PSR ¶ 59). His mother left the marriage when Mr. Martin was 12 years old, in response to her husband's abuse. (PSR ¶ 59). Despite this past history of abuse, Mr. Martin has been able to mend relationships with both of his parents, and reports that he has good relationship with each of them. (PSR ¶60). Mr. Martin also has a positive relationship with his sister (PSR ¶61), suggesting that he will have strong family support upon completion of his sentence in this case.

Mr. Martin is divorced, and has two daughters from that marriage. (PSR ¶¶62-63). Mr. Martin maintains a positive relationship with his ex-wife and her new husband, which has facilitated a continuing, positive relationship with his children.

Mr. Martin obtained his GED during a prior term of incarceration. (PSR ¶ 77). He has a strong work history when not incarcerated, including work as a skilled tradesman earning as much as $70,000 per year. (PSR ¶¶78-82). Mr. Martin's last job ended when

he was laid off just a few months prior to the instant offense, and that employer confirmed that Mr. Martin is eligible for reemployment upon his release from custody. (PSR ¶78).

As the PSR documents, Mr. Martin has a significant history of substance abuse. (PSR ¶¶69-75). He has a desire to address his substance abuse issues while serving his sentence in this case, so that he can resume a productive role in society. A sentence of 60 months is sufficient to permit time for the defendant to address his addiction issues, and return to society better prepared to function free of controlled substances.

### C. The Need to Afford Adequate Deterrence to Criminal Conduct, and to Protect the Public from Future Crimes by the Defendant, 18 U.S.C. Sections 3553(a)(2)(B) and (C)

Mr. Martin has no interest in continuing with the behavior that led him to be before the Court in this case. Extended incarceration is not necessary to deter Mr. Martin from further criminal conduct. Rather, Mr. Martin needs a sentence that provides appropriate punitive effect, but that also recognizes that extended incarceration without rehabilitative services will not address the core issue: his history of substance abuse. A sentence of 60 months, with the opportunity to engage in appropriate counseling, will give Mr. Martin the tools to succeed post-incarceration while also providing sufficient deterrence to future criminal conduct by this defendant.

### IV. SENTENCING RECOMMENDATION

The Defendant submits that the correct Guideline range in this case is 51 to 63 months. Based on the 18 U.S.C. Section 3553(a) factors discussed in this Memorandum, and consistent with the non-binding recommendation agreed to by the parties, it is the defendant's position that a sentence of 60 months would constitute "a sentence sufficient,

but not greater than necessary," to achieve the purposes set forth in 18 U.S.C. Section 3553(a)(2). He further requests that this sentence be ordered to run concurrently with the previously-imposed state sentence in state case number 16BA-CR01326-01.

                                                  Respectfully submitted,

                                                  */s/ Steven R. Berry*

                                                  **STEVEN R. BERRY,** **#** 48586
                                                  Assistant Federal Public Defender
                                                  80 Lafayette Street, Suite 1100
                                                  Jefferson City, Missouri 65101
                                                  (573) 636-8747
                                                  Attorney for Defendant

February 6, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of February, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent e-mail notification of such filing to all CM/ECF participants in this case, and a copy was mailed, via the United States Postal Service, to all non-CM/ECF participants.

*/s/ Steven R. Berry*
**STEVEN R. BERRY**